# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RASHETA JONES,<br><br>      Plaintiff,<br><br>   v.<br><br>ITALIA SHIPPING CORPORATION;<br><br>and<br><br>m/v ITALIA REEFER;<br><br>and<br><br>SEATRADE REEFER CHARTERING N.V.<br><br>and<br><br>MURPHY MARINE SERVICES, INC.<br><br>and<br><br>JOHN DOE 1 – OWNER OF THE M/V ITALIA REEFER (fictitious designation representing the as yet unknown individual(s), partnerships, corporations, and/or other business entities, individually, jointly, severally and/or in the alternative affiliated or connected in any way with the Italia Reefer and/or otherwise responsible for the conditions on the ship.<br><br>and<br><br>JOHN DOE 2 – MANAGEMENT COMPANY OF THE M/V ITALIA REEFER (fictitious designation representing the as yet unknown individual(s), partnerships, corporations, and/or other business entities, individually, jointly, severally and/or in the alternative affiliated or connected in any way with the Italia Reefer and/or otherwise responsible the conditions on the ship.<br><br>      Defendants. | Civ. No.: |

## PLAINTIFF'S COMPLAINT

AND NOW, comes the Plaintiff, Rasheta Jones, by and through her undersigned counsel, Daniel Purtell, Esquire; Andrew P. Watto, Esquire; and the law firm of McEldrew Young Purtell Merritt, and files this Complaint against Defendants, Italia Shipping Corporation, M/V Italia Reefer; Seatrade Reefer Chartering N.V.; Murphy Marine Services, Inc.; and John Doe 1 – Owner of the M/V Italia Reefer; and John Doe 2 – Management Company of the M/V Italia Reefer, and in support thereof, avers as follows:

## JURISDICTION AND VENUE

1. This matter is brought under the Jones Act Pursuant to 28 U.S.C. § 1333 and 46 U.S.C. § 688 and § 30104 and , and therefore this court has jurisdiction.

## PARTIES

2. At all times pertinent hereto, Plaintiff has been a citizen of the United States and has been a resident of the state of Delaware.

3. Defendant, Italia Shipping Corporation, is a corporation is based out of Nassau Bahamas.

4. Defendant, Italia Shipping Corporation, is a shipping company that owns, operates, controls, and maintains refrigerated ships and refrigerated shipping containers to transport perishable commodities by sea.

5. Defendant, Italia Shipping Corporation, provides services to its customers in various ports along the east coast of the United States including the Port of Wilmington and the Port of Philadelphia.

6. Defendant, Italia Reefer, is a refrigerated cargo ship, identified by IMO: 9030137 that transports perishable commodities by sea to various ports, including but not limited to the Port

of Wilmington and the Port of Philadelphia.

7. Seatrade Reefer Chartering N.V. is a reefer operator that operates a fleet of specialized reefer vessels and specialized reefer container vessels including M/V Italia Reefer.

8. Defendant, Murphy Marine Services, Inc., is a stevedoring company with a principal place of business in Wilmington, Delaware.

9. Defendant, Murphy Marine Services, Inc., is a stevedoring company that employed Plaintiff on the date of the accident.

10. Defendant, Murphy Marine Services, Inc., provided employees and agents, as well as supervision and management services to ships such as the M/V Italia Reefer at the Port of Wilmington.

11. Defendant, JOHN DOE 1 – OWNER OF THE M/V ITALIA REEFER (fictitious designation representing the as yet unknown individual(s), partnerships, corporations, and/or other business entities, individually, jointly, severally and/or in the alternative affiliated or connected in any way with the Italia Reefer and/or otherwise responsible for the conditions on the ship.

12. JOHN DOE 2 – MANAGEMENT COMPANY OF THE M/V ITALIA REEFER (fictitious designation representing the as yet unknown individual(s), partnerships, corporations, and/or other business entities, individually, jointly, severally and/or in the alternative affiliated or connected in any way with the Italia Reefer and/or otherwise responsible the conditions on the ship.

13. Jointly and/or severally, Defendants, Italia Shipping Corporation, M/V Italia Reefer; Seatrade Reefer Chartering N.V.; Murphy Marine Services, Inc.; and John Doe 1 – Owner of the M/V Italia Reefer; and John Doe 2 – Management Company of the M/V Italia Reefer (hereinafter referred "Defendants") own, operate, control, manage, and maintain the M/V Italia

Reefer.

14. The M/V Italia Reefer is owned, operated, controlled, managed, supervised, and/or maintained by Defendants.

15. Defendants have a duty to ensure that the condition of the M/V Italia Reefer is safe and free of dangerous conditions such as snow and ice.

16. Defendants have a duty to its employees, agents, servants, including but not limited to longshoremen working on the M/V Italia Reefer while it is docked to maintain safe work conditions and were responsible for snow and ice prevention in, and around the premises on the ship.

17. Defendants collectively and individually owe a duty to prevent injuries caused by known defects and/or those defects that would be discovered through the exercise of reasonable care on the M/V Italia Reefer.

18. Defendants individually and/or collectively, knew and/or should have known of the existence of the hazardous and dangerous condition(s) on the M/V Italia, specifically hatch 4.

## JURY DEMAND

19. Plaintiff, Rasheta Jones, demands a trial by jury.

## FACTS

20. Plaintiff is a member of the ILA Local 1694 union.

21. On January 13, 2019, Plaintiff was working as a longshoreman for a stevedoring company, Murphy Marine Services, Inc. at the Port of Wilmington.

22. The ship Plaintiff was working on was the M/V Italia Reefer.

23. The M/V Italia Reefer is a refrigerated cargo ship that was transporting perishable fruits.

24. Plaintiff was working on and inside the M/V Italia Reefer on January 13, 2019.

25. Plaintiff started working in hatch 4 of the M/V Italia Reefer starting at around. 7:00 a.m.

26. Plaintiff was operating a forklift in and around Hatch 4 on the M/V Italia Reefer all day.

27. Plaintiff finished around 8:00 a.m. and had left Hatch 4 and while she was on the deck slipped on snow and/or ice and fell to the ground.

28. Plaintiff immediately felt intense and excruciating pain in her left foot.

29. Plaintiff was unable to get up to the intense and excruciating pain.

30. Plaintiff remained on the floor of the deck where she had fallen until the fire department arrived and they were able to remove her from the deck of the ship.

31. The Defendants, individually and/or collectively, knew and/or should have known of the existence of the hazardous and dangerous conditions on the deck of the M/V Italia Reefer.

32. The accident resulted solely from the negligence and carelessness of the Defendants, individually and/or collectively, acting and/or failing to act by and through their duly authorized and/or ostensible agents, servants, workmen, and/or employees, and was due in no manner whatsoever to any act and/or failure to act on the part of Plaintiff.

### COUNT I – NEGLIGENCE
### (Jones Act)

33. Plaintiff repeats and re-alleges paragraphs 1 through 32 above and incorporates them herein by reference.

34. At all times material hereto, Defendants individually and/or collectively owned, operated, controlled, inspected, maintained, repaired, serviced and/or was otherwise responsible for the M/V Italia Reefer and therefore had a duty to maintain the deck of the aforementioned ship in a reasonably safe condition for those lawfully upon the ship, *inter alia*, Plaintiff Rasheta Jones.

35. The negligence and carelessness of Defendants acting and/or failing to act by and/or through its duly authorized and/or ostensible agents, servants, workman and/or employees, consisted of but is not limited to the following:

   a. Permitting the premises, specifically the ship deck, to remain snow and ice filled so as to constitute a dangerous condition existing therein;

   b. Failing to inspect the M/V Italia Reefer deck at reasonable intervals in order to determine the condition of the ship deck areas and thereby allowing an unreasonably dangerous defect to exist on the ship deck.

   c. Failing to adopt, implement and/or enforce policy, procedure and/or protocol to insure the proper maintenance and/or inspection of the premises;

   d. Failing to adopt, implement and/or enforce policy, procedure and/or protocol to insure the proper snow and/or ice removal;

   e. Failing to properly provide, ensure and/or contract for proper, necessary and sufficient snow removal services;

   f. Failing to properly remove snow, ice and/or accumulated precipitation from the premises;

   g. Failing to properly apply salt and/or other de-icing agent to the premises;

   h. Failing to properly shovel, plow, and/or otherwise adequately remove snow, ice and/or accumulated precipitation from the premises despite knowledge of the

dangerous propensity of allowing such dangerous conditions to exist.

i. Failing to follow industry practices and standards regarding the condition and safety of the ship deck.

j. Failing to follow industry practices and standards for safety.

36. As a direct and proximate cause of Defendants' negligence, as set forth above, Plaintiff sustained severe physical injuries including but not limited to a left ankle fracture, surgical intervention, pain, suffering, permanent impairment, substantial medical and hospital bills and lost substantial wages.

37. In additional, Plaintiff has suffered, and will continue to suffer, pain and suffering, including, but not limited to the loss of enjoyment in life.

## COUNT II - UNSEAWORTHINESS

38. Plaintiff repeats and re-alleges paragraphs 1 through 37 above and incorporates them herein by reference.

39. Defendants failed to provide Plaintiff a seaworthy vessel.

40. The walkway on the deck on the date of the incident where Plaintiff and other individuals were to exit the ship was not left in a reasonably safe condition due to the snow and/or ice that was left untreated on the ships deck.

41. The unseaworthy conditions of Defendants' M/V Italia Reefer were a direct and proximate cause of the severe physical injuries sustained by Plaintiff January 13, 2019.

42. As a result of the injuries that Plaintiff sustained on January 13, 2019, she suffered serious personal injuries, has endured physical pain and mental suffering, sustained permanent impairment, has incurred substantial medical and hospital bills, and has lost substantial wages from

her employment.

43. In addition, Plaintiff has suffered, and will continue to suffer, pain and suffering, including, but not limited to the loss of enjoyment in life.

### COUNT III – MAINTANENCE AND CURE

44. Plaintiff repeats and re-alleges paragraphs 1 through 43 above and incorporates them herein by reference.

45. Plaintiff was a seaman hired by Defendant Murphy Marine Services, Inc. to work as a longshoreman on the M/V Italia Reefer at the Port of Wilmington.

46. On January 13, 2019, while at sea and in the course and scope of her employment, Plaintiff sustained injuries to her body, including his left ankle while on the M/V Italia Reefer.

47. Plaintiff's injuries required medical treatment, including but not limited to, surgical repair, numerous doctor appointments and rehabilitation services.

48. Plaintiff's injuries caused her to sustain costs associated with her medical treatment, including, but not limited to, medical bills, transportation costs, and other costs of care.

49. Plaintiff seeks money damages for maintenance and cure in an amount to be determined at trial.

50. Plaintiff seeks reasonable attorneys' fees for unreasonable denial of maintenance and cure.

**WHEREFORE,** Plaintiff demands judgment against Defendant, together with interest and costs.

                                        Respectfully submitted,

                                        **McELDREW YOUNG PURTELL MERRITT**

                                        */s/ Andrew P. Watto*

Daniel Purtell, Esquire  
Attorney I.D. No. 310376  
<u>Andrew P. Watto, Esquire</u>  
<u>Attorney I.D. No. 311873</u>  
123 S. Broad Street, Suite 2250  
Philadelphia, PA 19109  
(215) 545-8800  
(215) 545-8805 (fax)  
<u>dpurtell@mceldrewyoung.com</u>  
<u>awatto@mceldrewyoung.com</u>  

Dated:<u> Jan. 13, 2022</u>